UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
U.S. Commodity Futures Trading Commission,        MEMORANDUM DECISION
                                                                                   AND ORDER
                               Plaintiff,                      03 CV 9124 (GBD)

      -against-

Joseph A. Grunfeld, *et al.*,

                               Defendants.
----------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

        Plaintiff United States Commodity Future Trading Commission's ("CFTC") moved for reconsideration of its motion for a default judgment against defendant Joseph Grunfeld. The CFTC also filed a separate motion seeking, in the alternative, summary judgment against him.

        The CFTC commenced this action against defendant Grunfeld and others alleging that they violated Section 4(a) and 4b(a)(2) of the Commodity Exchange Act, 7 U.S.C. 6(a) and 6b(a)(2), and Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b), by fraudulently soliciting funds from customers for the purpose of trading foreign currency futures contracts. On July 15, 2004, a Consent Order of Preliminary Injunction was issued. That Order did not stay the action, and defendant has never filed an answer. This action, however, was not actively litigated because of a separate criminal prosecution charging defendant with, *inter alia*, seven counts of wire fraud based on the same fraudulent conduct underlying the CFTC's complaint. Defendant pled guilty in the criminal proceedings. He was sentenced to ninety-seven (97) months imprisonment and ordered to pay over two million dollars of restitution to the investors he defrauded.

        Defendant is presently incarcerated, serving his sentence pursuant to his criminal conviction. In a letter sent from prison, defendant Grunfeld, acting *pro se*, objected to the default motion, and requested that he be appointed counsel to represent him in this civil action. The Court denied the motion for a default judgment without prejudice. Defendant's request for

the appointment of counsel was denied, but his name was placed on a list circulated to attorneys on the Pro Bono Panel of the Court. Defendant was warned that, if no attorney voluntarily agreed to represent him in this civil matter, he would be required to proceed *pro se* or retain private counsel in order to defend the case. Defendant was granted an extension of time to file opposition papers to the CFTC's summary judgment motion. The Court indicated that, if defendant failed to oppose the motion or to otherwise defend in this matter, it would entertain a renewed motion by the CFTC for a default judgment.

When defendant failed to timely file opposition papers to the summary judgment motion, the CFTC renewed its application for a default judgment. Shortly thereafter defendant filed "opposition papers" in the form of a letter to the Court. He requested that this matter be stayed until 120 days after he is released from prison in February 2014, because he would then be in a better position to obtain counsel. Anticipating the possibility that his request for a stay would be denied, defendant did substantively respond to the summary judgment motion. Nowhere does defendant deny or otherwise dispute the facts supporting his liability in this action.[1] His arguments opposing the motions pertain solely to the scope of the relief sought by the CFTC.

Defendant's application for a stay of the proceedings is denied. A party seeking a stay has the burden of establishing its need. Clinton v. Jones, 520 U.S. 681, 708 (1997). Defendant's mere hope of obtaining counsel, once he is released from prison, is insufficient to entitle him to a stay. The ends of justice will not be served by staying the litigation of this 2003 action until

---

[1] Defendant notes that he "pled guilty to the underlying charge and [he] accept[s] responsibility for [his] action". (Def.'s Letter to Court of 11/5/08, at 1). He further acknowledges that he "took responsibility for [his] crime and [he] intend[s] to make all efforts possible to repay [his] victims." (Def.'s Letter to Court of 12/8/08, at 1).

2014.

Defendant has assumed the defense of this matter, as evidenced by his filing of papers in opposition to both the summary judgment and renewed default motions. Given defendant's active participation and the lack of any showing of prejudice caused by his belated filings, this action should be determined on its merits, and not on a motion for default. Since defendant is proceeding *pro se*, his submissions are liberally construed and interpreted to raise the strongest arguments they suggest. See, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (*quoting* Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Summary judgment is warranted. Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Davis v. Blige, 505 F.3d 90, 97 (2d Cir. 2007). In assessing the record to determine whether there is a genuine issue as to any material fact, the Court is required to resolve all ambiguities and draw all factual inferences in favor of the non-moving party. St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000). Although defendant does not challenge any of the facts in this action, the Court must ensure that the CFTC's assertions of undisputed facts are properly supported by the record. See, Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). "Even unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (*quoting* Vt. Teddy Bear Co., 373 F.3d at 244).

The record demonstrates the absence of any genuine issue of material fact, and that the

CFTC is entitled to judgment as a matter of law. The Court has examined each of defendant's objections to the relief sought by the CFTC, and find them all lacking in merit. The injunctive relief, civil monetary fine, and other ancillary equitable relief requested by the CFTC is warranted. The requested relief is consistent with the judgment entered by the court as a result of defendant's conviction and sentence in the criminal proceedings.

The CFTC's application for reconsideration of its motion for a default judgment is denied. In the alternative, the CFTC's motion for summary judgment is granted.

Dated: New York, New York
       March 24, 2009

                                              SO ORDERED:

                                              *[signature]*
                                              GEORGE B. DANIELS
                                              United States District Judge

4